IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-505-BO

| | | |
|---|---|---|
| QUEEN NICOLE WILLIAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ATLANTIC RECOVERY SOLUTIONS, LLC, | ) | |
| Defendants. | ) | |

This matter comes before the Court on plaintiff's motion for default judgment. [DE 11]. Default was entered as to defendant Atlantic Recovery Solutions, LLC [DE 10] and all other defendants have been terminated. In this posture, the motion is ripe for disposition. For the following reasons, the motion is granted.

## BACKGROUND

When considering a motion for default judgment under Fed. R. Civ. P. 55, the Court "accepts as true the well-pleaded factual allegations in the complaint as to liability." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F.Supp.2d 680, 684 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001)). Plaintiff alleges the following in her amended complaint. [DE 5]. "Defendant [Atlantic Recovery Solutions, LLC] is engaged in the collection of debts from consumers using the mail and telephone." *Id.* at ¶ 5. "Plaintiff began receiving collection text messages from ARS as early as October 9, 2024, regarding an alleged First Electronic Bank Concora account." *Id.* at ¶ 9. The initial communication plaintiff received on October 9 "failed to disclose it was a debt collection communication and failed to provide the disclosure required by 15 U.S.C. § 1692e(11)." *Id.* at ¶

10. Plaintiff alleges after receiving a second text message related to the Concora account on July 16, 2025, she responded, "I refuse to pay any debt associated with any and all accounts in your office!" *Id.* at ¶ 11. "Despite receiving Plaintiff's refusal, ARS sent another message on July 24, 2025" and "sent a second post-refusal text message" on August 1, 2025. *Id.* at ¶¶ 12–13.

Defendant also contacted plaintiff about a second account. "On February 27, 2025, at 2:09 pm, Plaintiff received a text message . . . regarding File No. 4440709 tied to Acima[.]" *Id.* at ¶ 14. After receiving a second message regarding the Acima account, plaintiff responded, "I have no idea who ARS is and I refuse to pay this debt!" *Id.* at ¶ 15. "On or about June 18, 2025 . . . ARS sent yet another text message . . . regarding File No. 4440709." *Id.* at ¶ 16. Plaintiff replied, "I refuse to pay!" *Id.*

Plaintiff asserts three counts under the Fair Debt Collection Practices Act (FDCPA) arising from these text messages: (1) for sending additional collection text messages after plaintiff had refused to pay the debt associated with the Concora account; (2) for failing to disclose in defendant's initial communications that it was "attempting to collect a debt and that any information obtained" would be used for that purpose, and (3) for sending additional collection text messages after plaintiff had refused to pay the debt associated with the Acima account. *Id.* at pp. 7–9.

## DISCUSSION

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the Court accepts the complaint's factual allegations as admitted, "liability is not deemed established simply because of the default[.]" *Int'l Painters*, 919 F. Supp. 2d at 684. "If the court finds that liability is established,

it must then turn to the determination of damages. The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* (internal citation omitted).

Plaintiff's first and third counts plead violations of 15 U.S.C. § 1692c(c). "Under 15 U.S.C. § 1692c(c) a debt collector is prohibited, subject to several exceptions not relevant here, from communicating with a consumer 'with respect to' a debt if the consumer 'notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer[.]'" *Bender v. Elmore & Throop, P.C.*, 530 F. Supp. 3d 566, 574 (D. Md. 2021). Because plaintiff alleges she refused, in writing, to pay the debts associated with her Concora and Acima accounts, and because defendant sent subsequent communications with respect to those debts, she has alleged a violation of § 1692c(c).

Plaintiff's second count is for a violation of 15 U.S.C. § 1692e(11). "This section requires debt collectors to include certain warnings in materials sent to collect debts; the warnings are commonly known as the "mini-Miranda" disclosure." *Bohannon v. LVNV Funding, LLC*, No. 3:14-CV-354, 2015 WL 893362, at *1, 2015 U.S. Dist. LEXIS 24976, *2 (E.D. Va. Mar. 2, 2015).

> [T]he following conduct is a violation of this section: . . . The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector[.]

15 U.S.C. § 1692e(11). "[T]he warning tells the debtor that the creditor is trying to collect a debt and that the creditor can use information given by the debtor in the collection effort. This warning allows the unwary debtor to exercise caution in his communication with the creditor." *Bohannon*, 2015 WL 893362, at *4, 2015 U.S. Dist. LEXIS 24976, at *10-11. Plaintiff alleges, and the attached messages show, that defendant did not include the relevant disclosures in either their

initial communications with respect to each account, or in subsequent communications. Plaintiff has also alleged a violation of § 1692e(11).

Additionally, it appears defendant was properly served with process, and because defendant is a business entity, it cannot be a minor, incompetent person, or military servicemember.

Having established liability, the Court turns to damages. "For an individual plaintiff, the FDCPA provides three types of damages: (1) actual damages; (2) statutory damages not to exceed $1,000.00 and (3) costs plus a reasonable attorney's fee." *Barnett v. Creditors Specialty Serv., Inc.*, No. 1:12CV303, 2013 WL 1629090, at *1, 2013 U.S. Dist. LEXIS 53821, *3–4 (W.D.N.C. Apr. 16, 2013) (citing 15 U.S.C. § 1692k(a)). In the way of actual damages, plaintiff's affidavit describes that she "felt both anger and disbelief that [her] legal rights were being ignored." [DE 11-2, ¶ 14]. The violating messages "caused an immediate tightening in [her] chest[.]" *Id.* "[C]ourts have been reluctant to award damages for emotional distress from violations of the FDCPA absent an aggrieved plaintiff receiving mental health treatment or evidence that emotional distress concretely affected a plaintiff's personal or professional life." *Leto v. World Recovery Serv., LLC*, No. 3:14-CV-00489-FDW, 2015 WL 1897060, at *2, 2015 U.S. Dist. LEXIS 54700, *4–5 (W.D.N.C. Apr. 27, 2015).

> Plaintiff's case is much closer to the heartland of FDCPA cases involving allegations of emotional distress with no mental health treatment, which result in significantly lower, if any, awards for actual damages. See, e.g., Marchman v. Credit Solutions Corp., 2011 U.S. Dist. LEXIS 44378, 2011 WL 1560647 (M.D. Fla. April 5, 2011) (recommending an award of $100.00 in statutory damages and no actual damages where plaintiff received two telephone calls including a threat to contact Plaintiff's employer, and claimed loss of sleep, worry, withdrawal, and depression)[.]

*Thomas v. Smith, Dean & Assocs., Inc.*, No. ELH-10-CV-3441, 2011 WL 2730787, at *4, 2011 U.S. Dist. LEXIS 74656, *12 (D. Md. July 12, 2011), *report and recommendation adopted,* No.

CIV.A. ELH-10-3441, 2011 WL 3567043 (D. Md. Aug. 10, 2011). Here, plaintiff did not seek mental health treatment, and defendant did not threaten to contact plaintiff's employer or make any other threats. The actual damages plaintiff suffered in the instant case are less severe than those in *Marchman*, 2011 WL 1560647, and plaintiff is not entitled to an award of actual damages.

"The FDCPA does not require proof of actual damages before a consumer is entitled to statutory damages of up to $1,000.00 for each lawsuit." *Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*, 2016 U.S. Dist. LEXIS 159354, *15 (D. Md. Nov. 17, 2016). "In determining the amount of liability . . . the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b). In her amended complaint, plaintiff alleges she received three text messages in violation of the FDCPA's provisions. [DE 5]. Since filing this lawsuit, she alleges having received two more text messages and two voicemails from defendant. [DE 11-2, ¶¶ 7–12].

Because of the persistant and intentional nature of the violations, the Court awards $1,000 in statutory damages. *See Selig v. Niagara Recovery Sols. Mgmt. Grp., LLC*, No. 3:19-CV-769, 2020 WL 4283926, at *7 (E.D. Va. July 27, 2020) ("defendants intentionally violated multiple FDCPA provisions by calling [plaintiff] three times over a period of six months and sending him two letters. Thus, their conduct supports an award of statutory damages under the FDCPA.") (citing *Valdez v. Arm Wyn, LLC*, No. 7:14-CV-00263, 2015 WL 3661102, at *3 (W.D. Va. June 12, 2015) as a case "awarding $1,000 in statutory damages against a defaulting defendant who called the plaintiff three times to collect on a debt").

"The FDCPA also requires the award of costs. 15 U.S.C. § 1692k(a)(3). 'Costs,' as used in cost-shifting statutes and rules, are limited to the expenses listed in 28 U.S.C. § 1920." *Shlikas v.*

*Sallie Mae, Inc.*, No. CIV. WDQ-06-2106, 2011 WL 5825660, at *2, 2011 U.S. Dist. LEXIS 132045, *4 (D. Md. Nov. 16, 2011), *aff'd sub nom. Shlikas v. Arrow Fin. Servs.*, 487 F. App'x 68 (4th Cir. 2012).

> Section 1920 defines costs as:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessary to the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the cost of copies of materials necessarily obtained for use in the case;
> (5) Docket fees; and
> (6) Compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services.

*Id.*

In support of her request for costs, plaintiff attached receipts for her expenditures in filing the instant action, serving process on defendant, parking costs associated with her filings, and time spent prosecuting this case. [DE 11-2]; [DE 11-3]. "Section 1920 does not authorize the recovery of expenditures for phone calls, parking, state court fees, postage, or office overhead, including office supplies." *Shlikas*, 2011 U.S. Dist. LEXIS 132045, at *5–6 (citing 28 U.S.C. § 1920; Guidelines, § III). Any damages arising from the time plaintiff spent prosecuting this case "are attorney fees by another name[.]" *Id.* at *2. "Paying [plaintiff] for [her] work on this case would undermine the purpose of fee-shifting statutes because, rather than encourage plaintiffs to retain counsel, it would reward [plaintiff] for failing to do so." *Id.* "[P]rivate process server fees are recoverable as costs under 28 U.S.C. § 1920." *Levy v. Saint Gobain Ceramiques Avancees Desmarquest*, No. CV PWG-04-492, 2006 WL 8456786, at *2, 2006 U.S. Dist. LEXIS 104769, *5 (D. Md. Oct. 16, 2006) (citing *Wyne v. Medo Industries, Inc.*, 329 F.Supp.2d 584, 590 (D. Md. 2004)).

Accordingly, in addition to $1,000 in statutory damages, the Court awards plaintiff $408.00 for the costs of the civil filing fee and copies, and $105.00 for the cost of serving process.

CONCLUSION

For the foregoing reasons, plaintiff's motion for a default judgment [DE 11] is GRANTED. Plaintiff's additional motion for a default judgment [DE 13] is DENIED as MOOT. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $1,513.00 and close the case.

SO ORDERED, this 1 day of September, 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE